UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HUTTER,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER DORA SCHRIRO, et al.,<br><br>    Respondent. | 16 Civ. 6586 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

 Before the Court is Mr. Hutter's motion to compel production of certain documents (dkt. no. 229), the Defendants' opposition (dkt. no. 230), and Mr. Hutter's reply (dkt. No. 234).

 First, it does not appear that the Law Department objected to any portions of the subpoenas, and Mr. Hutter asserts that counsel allowed time to pass without taking any action. After one lawyer left the office, the other lawyer on the case failed to follow up with Mr. Hutter until he reached out. Following Mr. Hutter's filing of this motion to compel, the Defendants produced, along with their response, three pages of documents from the 2013 logbook records without any explanation as to why they were produced so late. Needless to say, this sloppy practice is unacceptable. Indeed, it could constitute waiver of all objections

to the subpoenas. The Law Department may not stonewall pro se litigants.

Second, with respect to the documents requested, they do include Duty Rosters for 2019, which seems to be different from the 2019 Employee Legal Schedule discussed by Defendants. On the other hand, the Court is unable to see the relevance of the 2019 Duty Roster when the events at issue occurred in 2013, and Mr. Hutter was released in 2014. To the extent that Mr. Hutter wishes to pursue his request for the 2019 Duty Rosters (and other 2017 or 2019 documents), he shall inform counsel and the Court of the relevance of those documents from 2017 and 2019.

Third, Mr. Hutter asserts that the prior affidavits of unsuccessful efforts to locate documents "did not cover all of the subject matter of these proceedings. . . ." Mr. Hutter shall inform counsel and the Court of which documents have not been covered in a prior response by Defendants.

Fourth, Mr. Hutter asserts that he "had received documents from L[aura] Mello, [,FOIL Officer for the Department of Corrections,] that were claimed to be lost already in a flood." Mr. Hutter shall inform the Court of those documents and the prior response.

Fifth, Mr. Hutter states that he is still waiting for affidavits with respect to efforts made to identify John Doe, the van

driver.  Defendants shall forward such affidavit(s) to Mr. Hutter forthwith.  Counsel shall also forward to Mr. Hutter all previously-filed affidavits with respect to efforts made to locate documents.  Because these documents should be available to counsel electronically, hard copies should be forwarded to Mr. Hutter within ten calendar days, notwithstanding the stay.

Sixth, Defendants state that they have previously produced to Mr. Hutter Motor Vehicle logs from July 21, 2013 through October 4, 2013, Bates Nos. DEF 908-910.  Mr. Hutter shall inform the Court why such documents are not responsive to his request for EHPW Motor Vehicle Usage Logs.

Finally, Mr. Hutter seeks "non-attorney fees" for "outside assistance in certain matters for the reasons raised in the motion papers."  He shall inform counsel and the Court of the basis for such a request and of the specifics of the "outside assistance" for which he requests compensation.

A copy of this order has been mailed to Mr. Hutter.

SO ORDERED.

Dated:   New York, New York
         April 7, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge