UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| STEVEN HUTTER, | |
|---|---|
| Plaintiff, | |
| -against- | No. 16 Civ. 6586 (LAP) |
| COMMISSIONER DORA SCHRIRO, et al., | ORDER |
| Defendants. | |

LORETTA A. PRESKA, Senior United States District Judge:

    The attached order granting Defendants' request for a 90 day stay of litigation until July 2, 2020, (dkt. no. 235), was issued on April 3, 2020, but apparently was not docketed. Accordingly, the order is re-issued today.

    Given the stay of litigation, Mr. Hutter's request for a telephone conference, (dkt. no. 238), is presently denied. However, that denial is without prejudice and, once the stay has lifted, Mr. Hutter may reinstate by letter his request for a teleconference.

    A copy of this order has been mailed to Mr. Hutter.

**SO ORDERED.**

Dated:    New York, New York
           May 6, 2020

                                    _____
                                    LORETTA A. PRESKA
                                    Senior United States District Judge



| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **SUZANNE FUNES** |
| *Corporation Counsel* | 100 Church Street | Phone: (212) 356-2386 |
| | NEW YORK, NY 10007 | Fax: (212) 356-1148 |
| | | Email: sfunes@law.nyc.gov |
| | | *Senior Counsel* |

April 3, 2020

**VIA ECF**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re: <u>Steven Hutter v. Comm. Dora Schiaro</u>, *et al*.,
            16-CV-06586 (LAP)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the counsel[1] for defendants former Commissioner Dora Schriro, Warden Hazel Jennings, Deputy Warden Monica Windley, Captain Barber, PA Jerry Liburd, Dr. Jane San Jose, Dr. Gloria Ihenacho, Dr. Tahmina Sikder, PA Glenda Shearn, Correction Officer Nelson, Correction Officer Morales, Maintenance Supervisor James Garrity, Captain Flores, P.A. Kernold Alves, Dr. Harjinder Bhatti, Captain Andre Whyte, PA Allen Walker, and Warden Raino Hills (collectively, "defendants"). Defendants respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days from today April 3, 2020 to July 2, 2020 in light of the recent developments surrounding the COVID-19 pandemic. This is defendants' first request for a stay of litigation in this matter. Defendants have not secured plaintiff *pro se*'s consent for this application, as he is currently incarcerated and we have been unable to meet and confer.

      By way of background, plaintiff *pro se* commenced this lawsuit alleging, *inter alia*, unconstitutional conditions of confinement and deliberate indifference to his medical needs while housed on Rikers Island *See* Docket Entry No. 83.1. Recently, on March 5, 2020 plaintiff filed a motion to compel, whereby plaintiff requested four sets of documents: 1) Employee Legal

---

[1] This case is assigned to Assistant Corporation Counsel Joshua Kaufman, who is currently awaiting admission to the Southern District of New York, and is handling this matter under my supervision. Mr. Kaufman can be reached directly at 212-356-3521 or by email at: jokaufma@law.nyc.gov.

Schedules for 2013; 2) Employee Schedules for 2019; (3) Pages 1-10 of the Elmhurst Prison Ward Motor Vehicle Usage Log for the period August 2013 to September 2013; and (4) Pages 170-175 of the Elmhurst Hospital Prison Ward Motor Vehicle Usage Log for August 2017 to September 2017. *See* Docket Entry No. 229, at page 1. On March 12, 2020, defendants filed an opposition to plaintiff *pro se's* motion to compel and further apprised the Court of the documents defendants produced in response to plaintiff's motion[2], as well as the documents responsive to plaintiff's motion that defendants had previously produced to plaintiff. *See* Docket Sheet Nos. 230 and 235. On March 30, 2020, plaintiff *pro se* filed a reply to defendants' opposition to plaintiff's motion to compel. *See* Docket Sheet No. 234. Defendants respectfully request a ninety (90) day stay of this matter in light of the public health concern.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020 and again on March 30, 2020, the Southern District set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, corresponding with incarcerated *pro se* plaintiffs is particularly difficult in the context of a work from home situation, because the normal course of communication with these individuals is through regular mail and via telephone communication. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from *pro se* plaintiffs. Indeed, working from home also complicates sending correspondence to *pro se* plaintiffs.

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This

---

[2] On March 17, 2020, plaintiff received documents responsive to his motion to compel. *See* Docket Entry No. 234.

inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with the Department of Correction ("DOC"), who are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

Moreover, the undersigned cannot take the necessary steps of seeking the production of DOC documents related to plaintiff *pro se*'s incarceration, primarily because the individuals tasked with producing essential litigation documents from the New York City Law Department and the New York City Department of Correction are also working remotely with limited access to the resources necessary to request and produce relevant documents as a result of the virus Citywide.

Accordingly, the undersigned respectfully requests that the Court grant defendants' application for a ninety (90) day stay of litigation from April 3, 2020 to July 2, 2020.

Thank you for your consideration herein.

Respectfully submitted,

*Suzanne Funes*
Suzanne Funes

CC:   Steven Hutter #14A3871
      *Plaintiff Pro Se*
      Fishkill Correctional Facility
      P.O. Box 1245
      Beacon, NY 12508

```
In light of the circumstances, Defendants' request for a 90 day stay of
litigation until July 2, 2020 is granted. A copy of this order has been
mailed to Plaintiff Steven Hutter at his current address.  SO ORDERED.
```

*Loretta A. Preska*   4/3/2020