UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN HUTTER,

                    Plaintiffs,

-against-

COMMISSIONER DORA SCHRIRO, et
al.,

                    Defendants.

---

No. 16 Civ. 6586 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

   Before the Court is the Defendants' motion to continue the stay of
this action (dkt. no. 244) together with various discovery requests
and inquiries by Plaintiff (dkt. nos. 238, 241, 245).  Also before
the Court is Plaintiff's motion to compel, Defendants' opposition,
and Plaintiff's reply.  (Dkt. nos.  228, 229, 230, & 234.)  All are
granted in part and denied in part.

          a. Discovery

   In an order dated April 7, 2020 (dkt. no. 236), Plaintiff was
ordered to, among other things, to inform the Court of: (1) the
relevance of documents dated after his release from  Department of
Corrections' custody in September of 2014; (2) which documents he had
previously requested were not covered in affidavits submitted by
defense counsel; (3) which documents previously said to have been
lost have been produced by the defense; (4) why the motor vehicle
logs produced with respect to July 21, 2013-October 14, 2013 were not

1

responsive; and (5) the expenses and costs he was requesting reimbursement for.

In his response (dkt. nos. 238 and 240), Plaintiff referred to expenses of "parties that researched, made phone calls, and sent money to Plaintiff in assistance to filing the motion to compel." He also mentions telephone expenses and postage. To the extent that Plaintiff continues to seek reimbursement of such expenses, he shall inform the Court of the basis for the request and shall be more specific about the exact expenses. The Court notes, however, that, among the remedies for failure to comply with discovery obligations, is reimbursement of expenses that would not otherwise have been incurred.

In his reply (dkt. no. 241), Plaintiff states that counsel has not yet filed a notice of appearance with respect to the persons who are subject to Plaintiff's Notice to Compel, Ms. Brenda Cooke and Ms. Laura Mello. He also asks that Defendants be ordered to respond to the subpoenas he has issued.

Plaintiff also states that the Duty Roster ordered to be produced (dkt. no.186) and the "[j]ob numbers, duty identifications, including those of mod 2 in the RNDC," ordered produced in dkt. no. 184, have not been produced.

Plaintiff also takes issue with Defendants' search for records identifying additional John Does. As Plaintiff points out, the Declaration of Correction Officer Israel Vega (dkt. no. 163-1) notes at paragraph 4 that he "conducted searches for transportation records,

transportation logbooks, and ambulance logbooks, related to the transportation of inmates, on or about August 29, 2013, between Elmhurst Hospital and Rikers Island." Similarly, the Declaration of Correction Officer Alesia Cannon (dkt. no. 163-2) states at paragraph 4 that she "conducted searches for schedules of Correction Officers assigned to the transportation of inmates, on or about August 29, 2013, between Elmhurst Hospital and Rikers Island." Plaintiff thus seems to be correct that Officers Vega and Cannon only looked at records relating to transport personnel, not the other records that would identify the other John Does.

The documents attached as Exhibits C and D to Plaintiff's reply seem to indicate a discrepancy between the log pages initially produced and some later-produced pages purporting to be the same and perhaps initially said to be missing. Specifically, "the new pages of logbook records, number 106, 107, 108, are all from 2013, all of them show a shield number, and are all the same records that were being sought throughout the affidavits, that stated they can't be located" in the affidavit at dkt.no. 163-2.

Mr. Hutter also states that, other than the Declarations of Officers Vega and Cannon, no other affidavits in support of the Defendants' motion to be relieved of further efforts to identify John Does have been sent to him, as ordered (dkt. no. 186).

b. Stay

Defendants ask that the recently-expired stay be continued in light of the COVID-19 pandemic. Counsel notes that Law Department attorneys

are working remotely because of the pandemic and consequently do not have access to the same assistance that they would have if they were working from their offices. (See dkt. no. 244.)  The Court recognizes the case management issues created by the COVID-19 pandemic, but notes that many attorneys have found ways successfully to manage their cases despite those inconveniences.  Accordingly, counsel's request to extend the blanket stay is denied and counsel shall proceed with addressing the issues discussed in this order and with other paper discovery. Depositions, however, will remain stayed.

　　　　c. Motion to Compel

Mr. Hutter has moved to compel production of certain documents requested by subpoena, specifically, Employee Duty Rosters and EHPW logbooks (transportation records).  Defendants have objected to producing those documents for time periods when Mr. Hutter was not in custody and have proffered that certain other documents were destroyed.

As noted above, the Court has asked Mr. Hutter to explain why documents created long after his release might be relevant, and he has not done so.  Accordingly, Defendants' objection to producing documents from 2017 and 2019 is sustained.

With respect to the Duty Rosters, Defendants point to dkt. no. 163 as an affidavit that those documents were lost in a flood. As noted above, however, dkt. no. 163, relates to a search for transportation records, not Duty Rosters (and not the Employee Legal Schedules Defendants substitute for Duty Rosters.)  Accordingly, the motion is

granted with respect to Duty Rosters for 2013 and 2014 (but not 2017 or 2019).

Finally, the Declarations of Officers Vega and Cannon do relate to the unsuccessful search for transportation records, so the motion is denied as to the transportation records.

II.   <u>CONCLUSION</u>

First, Counsel shall inform the Court promptly if they represent Ms. Mello and/or Ms. Cooke.

Plaintiff's motion to compel (dkt. no. 228) is granted in part and denied in part.  Defendants shall produce to Plaintiff no later than August 28, 2020, the Department of Corrections' Duty Roster for 2013 and 2014 and all affidavits filed in support of the City's requests to be relieved of further efforts to identify John Does (other that those of Officers Vega and Cannon), as previously ordered (dkt. no. 186).  The Court acknowledges that, in this order, it changed the dates of the Duty Rosters required from 2013 and 2019 to 2013 and 2014 in light of Mr. Hutter's release from custody in September of 2014.  To the extent that there are no additional affidavits in support of the motion, counsel shall file an affidavit explaining why the search related only to the van driver and not to the other John Does.

Defendants shall also produce to Plaintiff no later than August 28 job numbers and duty identifications, including those for Mod 2 in the RNDC, for 2013 and 2014, as ordered in dkt. no. 184.

Defendants shall submit, no later than August 17, an affidavit explaining the apparent discrepancies Mr. Hutter identifies between the documents attached as Exhibits C and D, including the documents hand-numbered 106, 107, and 108, to his reply (dkt. no. 241), including why documents said to be missing became found.

Counsel shall confer with Plaintiff and inform the Court by letter no later than August 17 of the status of the responses to the interrogatories propounded by Plaintiff (beginning at dkt. nos. 120 and 161) and the subpoenas issued by Plaintiff (e.g., dkt. entries dated 10/2/19, 5/21/20, 6/16/20, 7/15/20).

Defendants' motion to extend the stay (dkt. no. 244) is granted in part and denied in part.  The blanket stay on this action is lifted and Defense counsel shall proceed with the matters set out above and with other paper discovery.  Depositions shall be stayed.

Finally, and in light of the above, the Court withdraws its prior order relieving the City of further efforts to identify the John Does (dkt. no. 136).

The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Hutter.

**SO ORDERED.**

Dated:    New York, New York
          July 29, 2020

_Loretta A. Preska_
_____
LORETTA A. PRESKA

6

Senior United States District Judge